IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUNE A. TRZCINKA,

Plaintiff

v.

CASE NO.: _____

DEMAND FOR JURY TRIAL
INJUNCTIVE RELIEF REQUESTED

ARMANDO RAMIREZ, as an individual and
in his official capacity as Clerk of the Circuit
Court of Osceola County, Florida, and
OSECOLA COUNTY, FLORIDA,

Defendants.

## VERIFIED COMPLAINT

Plaintiff June A. Trzcinka, by and through her undersigned counsel, files this Verified

Complaint against Armando Ramirez individually and in his official capacity as Clerk of the

Circuit Court of Osceola County, Florida and Osceola County, Florida (collectively

"Defendants").

## SUMMARY OF CASE

Plaintiff June A. Trzcinka, an exemplary employee of the Osceola County Clerk of the

Circuit Court, was improperly terminated in March of 2015 by Defendant Armando Ramirez

in violation of her First Amendment right of free speech and in violation of the Florida Public

Sector Whistleblower's Act. Ms. Trzcinka's termination was a direct result of her criticism of

the hiring and firing practices, behavior, conduct, operations, policies, and training activities

of Defendant Ramirez and the Clerk's Office, her objections to Mr. Ramirez's policy of not

paying employees for overtime as well as requiring employees to attend community events outside of working hours without proper compensation.

## INTRODUCTION

1.  This is a cause of action for monetary damages and equitable relief for wrongful termination, violation of 42 U.S.C. §1983, 29 U.S.C. §201 et. seq., the First and Fourteen Amendments to the U.S. Constitution, and Fla. Stat. §112.3187.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1331. This court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. §1367 in that those claims are substantially related to the federal claims and form part of the same case or controversy.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

4.  Plaintiff June A. Trzcinka ("Plaintiff") is an individual over the age of 18, is suri juris and a resident of Osceola County, Florida.

5.  Defendant Armando Ramirez ("Defendant Ramirez") is the Clerk of the Circuit Court of Osceola County, Florida, is an individual over the age of 18, is suri juris, and a resident of Osceola County, Florida.

6.  Defendant Osceola County, Florida ("Defendant County") is, and at all times material hereto was, a county duly organized and existing under the laws and Constitution of the State of Florida.

## STATEMENT OF FACTS

7.      Plaintiff became employed by the Osceola County Clerk of the Circuit Court (the "Clerk's Office") as a Criminal Specialist III - Cashier on or about August 24, 2009.

8.      Throughout her employment with the Clerk's Office, Plaintiff consistently received ratings of "above expectations" in employee performance evaluations. In fact, in Plaintiff's 2014 performance evaluation she received a rating of "above expectations" in 9 of 13 categories and received a rating of "meets requirements" in the remaining 4 categories.

9.      In November 2014, Plaintiff was named Employee of the Month for the Clerk's Office.

10.     Throughout her employment with the Clerk's Office Plaintiff's scheduled work hours were 8:00 a.m. to 5:00 p.m. However, Plaintiff was required to begin working prior to 8:00 a.m., but was not paid for any time worked prior to 8:00 a.m. Additionally, Plaintiff would continue to work after clocking out, all with the knowledge and consent of management. In fact, for some period of time, in order to avoid paying overtime, management required employees to clock out at 5:00 p.m. and then return to their work station to finish up their work. Plaintiff was not correctly compensated for work done prior to 8:00 p.m. or after 5:00 p.m.

11.     In November 2012 Defendant Ramirez was elected Clerk of the Circuit Court of Osceola County, Florida and took office in January 2013.

12.     Shortly after taking office, Defendant Ramirez began terminating employees and replacing them with family and family friends.

3

13.     Defendant also began creating higher paying positions to be filled by family and family friends. These positions were not posted internally and existing staff members were not given the opportunity to apply for these higher paying positions.

14.     Approximately six (6) months after Defendant Ramirez took office, Plaintiff began verbally complaining to management about unqualified people being hired at higher salaries and then being promoted without the positions being offered to existing employees.

15.     On March 19, 2015, Plaintiff responded to an email from Human Resources announcing the opening of a position and questioned the favoritism exhibited to friends and family of Defendant Ramirez.

16.     Beginning in late 2014 or early 2015, at the direction of Defendant Ramirez, a contractor was hired to organize volunteers to work their off days at community events handing out Clerk of Court information. Employees who volunteered received compensatory time off at a rate of one (1) hour compensatory time off for each one (1) hour worked at the community event.

17.     On or about Wednesday, March 24, 2015, the employees were informed that working with the community events was no longer voluntary and that employees would be assigned to weekend community events, were required to attend when scheduled and would receive compensatory time off at a rate of one (1) hour compensatory time off for each one (1) hour worked at the community event.

18.     During the March 24th meeting, Plaintiff voiced her opinion that she did not think it was fair to require employees to work at community events on the weekends without proper compensation and that she would not participate.

4

19.     On Thursday, March 26, 2015, Plaintiff was called into her supervisor's office and was given a Written Warning Notice for insubordination due to her comments at the March 24th meeting and was placed on 90 days probation.

20.     Plaintiff asked if she could write a comment on the Written Warning Notice. She was told she could.  Plaintiff wrote, "Truth Hurts.  Unfair Business Practices of hourly employees.  Why hold a department meeting if department employees cannot express their feelings?"

21.     As Plaintiff was so upset by the written warning, she called in sick to work on Friday, March 27, 2015.

22.     Plaintiff returned to work on Monday, March 30, 2015 and was called into a manager's office that afternoon.  At that time she was terminated for insubordination for making written comments on the March 26th Written Warning Notice.

23.     Upon termination, Plaintiff did not receive compensation for her accrued and unused vacation and sick time of 185 hours.

24.     Shortly thereafter, Plaintiff applied for unemployment.  The Clerk's Office challenged her right to unemployment as she was allegedly terminated for alleged insubordination.

25.     On April 8, 2015, the Florida Department of Economic Development, Reemployment Assistance Program issued a Notice of Approval for Plaintiff to receive unemployment benefits. In the Notice of Approval the Department ruled:

> THE CLAIMANT WAS DISCHARGED FOR ALLEGED INSUBORDINATION. NO INFORMATION HAD BEEN SUMITTTED WHICH SUBSTANTIATES MISCONDUCT.

THE DISCHARGE WAS FOR REASON OTHER THAN MISCONDUCT CONNECTED WITH THE WORK.

26.     Since Defendant Ramirez took office in 2013, the hiring and firing practices, behavior, conduct, operations, policies, and training activities of Defendant Ramirez and the Clerk's Office are a matter of public concern and have been regularly reported by local media.

**COUNT I**
**VIOLATION OF FIRST AMENDMENT FREEDOM OF SPEECH**
**UNDER 42 U.S.C. §1983**
**DEFENDANT RAMIREZ INDIVIDUALLY**

27.     Plaintiff incorporates by reference each and every allegation contained in the proceeding paragraphs of this Complaint as if set forth in full herein.

28.     Plaintiff exercised her right to freedom of speech as afforded by the First Amendment of the United States Constitution by speaking out on matters of public concern related to the behavior, conduct, operations, policies, and training of the Clerk's Office.

29.     Plaintiff's speech did not have any disruptive impact on Plaintiff's performance of her official duties as an employee of the Clerk's Office.

30.     At the direction of Defendant Ramirez, Plaintiff was placed on probation and terminated in retaliation for her exercising her freedom of speech.

31.     Plaintiff's speech regarding Defendant Ramirez and the Clerk's Office was a substantial or motivating factor and was a determinative consideration in Defendant Ramirez's action in placing Plaintiff on probation and terminating Plaintiff.

32.     Defendant Ramirez was acting under color of the authority of the State of Florida when Plaintiff was placed on probation and terminated.

33.     Defendant Ramirez's individual actions violated Plaintiff's clearly established rights of which reasonable persons in Defendant Ramirez's positions should have known.

34.     Defendant Ramirez's actions violate 42 U.S.C. §1983.

35.     As a direct and proximate result of the Defendant Ramirez's conduct, Plaintiff has suffered and will continue to suffer, material and ongoing damages.

36.     Plaintiff has retained the undersigned attorney for purposes of pursuing this matter against Defendant Ramirez.

**COUNT II**
**VIOLATION OF SUBSTANTIVE DUE PROCESS**
**UNDER 42 U.S.C. § 1983**
**DEFENDANT RAMIREZ INDIVIDUALLY**

37.     Plaintiff incorporates by reference each and every allegation contained in the proceeding paragraphs of this Complaint as if set forth in full herein.

38.     Defendant Ramirez's action in having Plaintiff placed on probation and terminating Plaintiff for exercising her First Amendment right to free speech violated her substantive due process rights.

39.     Defendant Ramirez's assertion that Plaintiff was placed on probation and terminated for insubordination was nothing more than a pretext to disguise his improper motive of retaliating against her for exercising her First Amendment rights.

40.     Defendant Ramirez's actions violate 42 U.S.C. §1983.

41.     As a direct and proximate result of the Defendant Ramirez's conduct, Plaintiff has suffered and will continue to suffer, material and ongoing damages.

42.     Plaintiff has retained the undersigned attorney for purposes of pursuing this matter against Defendant Ramirez.

**COUNT III**
**VIOLATION OF FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME COMPENSATION**
**ALL DEFENDANTS**

43.     Plaintiff incorporates by reference each and every allegation contained in the proceeding paragraphs of this Complaint as if set forth in full herein.

44.     At all times material hereto, Plaintiff has been entitled to the rights, protections and benefits provided by the Fair Labor Standards Act ("FLSA").

45.     Defendant County is an "employer" as defined in 29 U.S.C. § 203(d) and a "public agency" as defined in 29 U.S.C. § 203(x).

46.     Defendant Ramirez, in his capacity as Clerk of the Circuit Court of Osceola County, Florida is an "employer" as defined in 29 U.S.C. § 203(d) and a "public agency" as defined in 29 U.S.C. § 203(x).

47.     Defendant County is a political subdivision of the State of Florida.

48.     Defendant Ramirez, in his capacity as Clerk of the Circuit Court of Osceola County, Florida, is a political subdivision of the State of Florida.

49.     Throughout the term of her employment with the Clerk's Office, Plaintiff was an hourly employee and was an "employee" as defined in 29 U.S.C. § 203(e)(2)(C).

50.     Employees of a public agency which a is political subdivision of a state, who are covered under the FLSA are entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week.

51.     Throughout the term of her employment with the Clerk's Office, Plaintiff worked more than forty (40) hours per week at the direction of Defendants or with Defendants'

knowledge and consent without any overtime compensation of any nature in violation of the FLSA.

52.     The FLSA requires Defendants to make, keep and preserve accurate time records that are sufficient to determine Plaintiff's wages and hours for purposes of calculating compensation as well as overtime compensation.

53.     By requiring Plaintiff to clock out and then return to work, Defendants failed to make, keep and preserve accurate time records mandated under the FLSA.

54.     Throughout the term of Plaintiff's employment with the Clerk's Office, Plaintiff was required to clock in prior to 8:00 a.m., but was not paid for any time worked prior to 8:00 a.m.

55.     By directing Plaintiff to work off the clock to avoid paying nay overtime at all, Defendants knew they were in violation of the FLSA.

56.     Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

57.     As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered and will continue to suffer, material and ongoing damages.

58.     Plaintiff has retained the undersigned attorney for purposes of pursuing this matter against Defendants.

### COUNT IV
### VIOLATION OF FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME COMPENSATION AT MANDATED RATE
### ALL DEFENDANTS

59.     Plaintiff incorporates by reference each and every allegation contained in the proceeding paragraphs of this Complaint as if set forth in full herein.

60.     Throughout the term of her employment with the Clerk's Office, Plaintiff worked more than forty (40) hours per week at the direction of Defendants or with Defendants' knowledge and consent without overtime compensation at a rate of not less than one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours per week in violation of the FLSA.

61.     By directing Plaintiff to work off the clock to avoid paying compensation at a rate of not less than one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours per week, Defendants knew they were in violation of the FLSA.

62.     Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

63.     As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered and will continue to suffer, material and ongoing damages.

64.     Plaintiff has retained the undersigned attorney for purposes of pursuing this matter against Defendants.

**COUNT V**
**VIOLATION OF FAIR LABOR STANDARDS ACT**
**NO AGREEMENT FOR COMPENSATORY TIME OFF**
**ALL DEFENDANTS**

65.     Plaintiff incorporates by reference each and every allegation contained in the proceeding paragraphs of this Complaint as if set forth in full herein.

66.     Pursuant to 29 U.S.C. § 207(o), employees of a public agency may receive compensatory time off in lieu of overtime compensation if the employee and the employer entered into an agreement or understanding as to compensatory time off in lieu of overtime compensation before the performance of the work.

67.     At all times material hereto, Plaintiff and Defendants did not have such agreement or understanding.

68.     Defendants required Plaintiff to work overtime and be compensated by compensatory time off without an agreement or understanding.

69.     Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

70.     As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered and will continue to suffer, material and ongoing damages.

71.     Plaintiff has retained the undersigned attorney for purposes of pursuing this matter against Defendants.

**COUNT VI**
**VIOLATION OF FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY COMPENSATORY TIME OFF AT MANDATED RATE**
**ALL DEFENDANTS**

72.     Plaintiff incorporates by reference each and every allegation contained in the proceeding paragraphs of this Complaint as if set forth in full herein.

73.     Pursuant to 29 U.S.C. § 207(o), employees of a public agency may receive compensatory time off in lieu of overtime compensation, but said compensatory time off must be at a rate of not less than one and one-half hours for each hour of overtime worked.

74.     At all times material hereto, Defendants required that employees take compensatory time off at a rate of one (1) hour compensatory time off for each one (1) hour worked in excess of forty (40) hours per week in violation of the FLSA.

75.     Throughout the term of her employment with the Clerk's Office, Plaintiff worked more than forty (40) hours per week at the direction of Defendants or with Defendants'

knowledge and consent without compensatory time off at a rate of not less than one and one-half hours for each hour worked in excess of forty (40) hours per week in violation of the FLSA

76.    Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

77.    As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered and will continue to suffer, material and ongoing damages.

78.    Plaintiff has retained the undersigned attorney for purposes of pursuing this matter against Defendants.

## COUNT VII
## VIOLATION OF FAIR LABOR STANDARDS ACT
## FAILURE TO PERMIT USE OF COMPENSATORY TIME OFF
## ALL DEFENDANTS

79.    Plaintiff incorporates by reference each and every allegation contained in the proceeding paragraphs of this Complaint as if set forth in full herein.

80.    Pursuant to 29 U.S.C. § 207(o)(5), an employee of a public agency shall be permitted to use compensatory time off accrued within a reasonable period after making the request if the request does not unduly disrupt the operations of the public agency.

81.    At all times material hereto, Plaintiff was not permitted by Defendants, in violation of the FLSA, to take her accrued violation of the FLSA.

82.    In fact, Defendants dictated when and how Plaintiff was permitted to use her accrued compensatory time off. By way of example, if Plaintiff had accrued one hour of compensatory time off, Defendants would instruct her to leave fifteen minutes early for four days.

83.     In addition to violating Section 207(o)(5) by dictating how and when Plaintiff used her accrued compensatory time off, Defendants also failed to keep time records which accurately reflected Plaintiff's accrued compensatory hours, also in violation the FLSA.

84.     Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

85.     As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered and will continue to suffer, material and ongoing damages.

86.     Plaintiff has retained the undersigned attorney for purposes of pursuing this matter against Defendants.

**COUNT VIII**
**VIOLATION OF FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY UNUSED COMPENSATORY**
**TIME OFF UPON TERMINATION**
**ALL DEFENDANTS**

87.     Plaintiff incorporates by reference each and every allegation contained in the proceeding paragraphs of this Complaint as if set forth in full herein.

88.     Pursuant to 29 U.S.C. § 207(o)(4), an employee of a public agency, who has accrued compensatory time off, has the right, upon termination of employment, to be paid for the unused compensatory time off at a rate of compensation not less than the higher of (A) the average regular rate received by such employee during the last three years of employment, or (B) the final regular rate received by such employee.

89.     The FLSA required Defendants to make, keep and preserve time records that accurately reflected Plaintiff's accrued compensatory hours, which Defendants failed to do in violation of the FLSA.

90.     At the time of her termination, Plaintiff had unused compensatory time off for which she was not paid.

91.     Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

92.     As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered and will continue to suffer, material and ongoing damages.

93.     Plaintiff has retained the undersigned attorney for purposes of pursuing this matter against Defendants.

**COUNT IX**
**VIOLATION OF FLORIDA PUBLIC SECTOR WHISTLEBLOWER'S ACT**
**RETALIATORY DISCHARGE UNDER FLA. STAT. § 112.3187**
**ALL DEFENDANTS**

94.     Plaintiff incorporates by reference each and every allegation contained in the proceeding paragraphs of this Complaint as if set forth in full herein.

95.     Pursuant to Fla. Stat § 112.3187(2), it is the intent of the Legislature to prevent agencies from taking retaliatory action against an employee who engages in the protected activity of reporting to an appropriate agency violations of law on the part of a public employer.

96.     Defendant County is an "agency" as defined by Fla. Stat. § 112.3187(3)(a).

97.     Defendant Ramirez, in his capacity as Clerk of the Circuit Court of Osceola County, Florida, is an "agency" as defined by Fla. Stat. § 112.3187(3)(a).

98.     Plaintiff is an "employee" as defined by Fla. Stat. § 112.3187(3)(b).

99.     Plaintiff disclosed to an appropriate official of the Clerk's Office violations or conduct committed by Defendant Ramirez and employees of the Clerk's Office that were violations or suspected violations of federal, state or local law, rule or regulation and acts or

14

suspected acts of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, or gross neglect of duty committed by Defendant Ramirez and employees the Clerk's Office.

100. Plaintiff engaged in the protected activity of disclosing to an appropriate official of the Clerk's Office the commission of acts by Defendant Ramirez and employees of the Clerk's Office that were violations or suspected violations of federal, state or local law, rule or regulation and/or acts or suspected acts of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, or gross neglect of duty committed by Defendant Ramirez and employees the Clerk's Office.

101. Subsequent to Plaintiff making these disclosures, Defendant Ramirez placed Plaintiff on 90 days probation and thereafter terminated Plaintiff's employment with the Clerk's Office.

102. Plaintiff's disclosures were not made in bad faith or for a wrongful purpose and did not occur after an agency's adverse personal action against the employee.

103. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer, material and ongoing damages.

104. Plaintiff has retained the undersigned attorney for purposes of pursuing this matter against Defendants.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff requests that this Court grant the following relief:

A.     Award Plaintiff compensatory damages;

B.      Award Plaintiff compensation for lost wages, benefits and other lost remuneration caused by Defendants' adverse action;

C.      Award Plaintiff liquidated damages;

D.      Award Plaintiff punitive damages against both Defendants;

E.      Issue a temporary injunction directing Defendants to reinstate Plaintiff to her position or to an equivalent position, with full fringe benefits and seniority rights pending the final outcome of this matter;

F.      Issue a permanent injunction directing Defendants to reinstate Plaintiff to her position or to an equivalent position with full fringe benefits and seniority rights, or award Plaintiff reasonable front pay;

G.      Issue a permanent injunction enjoining Defendants from all further retaliatory acts and other violations of law against Plaintiff;

H.      Award Plaintiff's attorneys' fees and costs incurred in prosecution of these actions; and

I.      Award Plaintiff such other and further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues triable by jury.

Dated this 26th day of June 2015.

PINONICHOLSON, PLLC
189 South Orange Avenue, Suite1650
Orlando, FL 32801
Telephone: 407-425-7831

/s/ Myra P. Nicholson
LAURENCE J. PINO, ESQ.
Florida Bar No: 233749
Email: ljp@pinonicholsonlaw.com
MYRA P.NICHOLSON, ESQ.
Florida Bar No.: 0710024
Email: myra@pinonicholsonlaw.com

## VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing Verified Complaint and the

facts stated in it are true.

_June A. Tujinka_
June A. Trzcinka

STATE OF FLORIDA
COUNTY OF ORANGE

Sworn to or affirmed and signed before me this 26th day of June, 2015 by June A. Trzcinka
who is personally known to me.

Notary Public State of Florida
Lisa K Ianacone
My Commission EE 869732
Expires 03/23/2017

_Lisa K Lanacone_
NOTARY PUBLIC

Lisa K Ianacone

18